## THE CITY OF TROY, etc.

*(District Court, N. D. New York.  1882 )*

COLLISION—DAMAGES—REPORT OF COMMISSIONER.

 The estimate of damages as reported by the commissioner in a cause of collision adopted by the court.

In Admiralty.

*P. C. J. De Angelis,* for motion.

*E. D. Mathews,* opposed.

COXE, D. J.  This is a motion to confirm the report of the commissioner, and for a final decree in favor of the libelant.  The respondents have filed exceptions and oppose the motion, insisting that the commissioner has placed the damages at too high a figure.  The commissioner reports that the amount of damage sustained by the libelant by reason of the matters set forth in the libel is the sum of $575.  I have read all the evidence taken by the commissioner, and do not feel justified in interfering with his conclusions.  Three witnesses were sworn for the libelant, who place the damage to the injured boat at $800, $1,000, and $800, respectively.  Two witnesses for the respondent place the damage at $250, and from $200 to $300, respectively.  Their evidence, however, indicates that they did not see the boat until partial repairs had been made, some time after the collision.

If the question of damages, as an original proposition, was to be here decided, I do not see how, upon this evidence, they could be placed at a sum much below the amount stated in the report, assuming that the witnesses are entitled to equal credit.  The commissioner, from personal observation of the witnesses, having had an opportunity to note their manner while testifying, is much better able to estimate correctly the weight to be given to their opinions than one who simply reads the written testimony.

The motion should be granted.

**Presumptions.**

LINCOLN and others *v.* FRENCH. In error to the circuit court of the United States for the district of California. This case was determined in the supreme court of the United States at the October term, 1881. Mr. Justice *Field* delivered the opinion of the court, reversing the judgment of the circuit court, and remanding the cause, with directions to enter judgment in favor of the plaintiffs in error.

Although a duty to reconvey land conveyed for the purpose of building a railroad arose when, by the terms of the trust deed, the time had passed within which the work was to be done, and the conditions upon which the trust was to be executed had become impossible, a reconveyance was to be presumed only in the absence of proof to the contrary. Like other presumptions, it is sufficient to control the decision of the court if no rebutting testimony is produced. But all presumptions as to matters of fact, capable of ocular or tangible proof, such as the execution of a deed, are in their nature disputable. No conclusive character attaches to them. Presumptions are indulged to supply the place of facts, but they are never allowed against ascertained and established facts. When these appear, presumptions disappear.

J. H. McKune, A. T. Britton, and J. H. McGowan, for plaintiffs in error.

John Reynolds and S. O. Houghton, for defendant in error.

**Admiralty—Jurisdiction—Maritime Tort.**

LEATHERS *v.* BLESSING, U. S. Sup. Ct., Oct. Term, 1881. Appeal from the circuit court of the United States for the district of Louisiana, decided in the supreme court of the United States, May 8, 1862. Mr. Justice *Blatchford* delivered the opinion of the court, affirming the decree of the circuit court.

Where the master and officers of the vessel, just arrived and moored to the wharf, were accustomed to permit persons expecting to find on the vessel freight consigned to them, as soon as she had landed and her gang-plank run out, to go on board of her to examine the manifest, or transact any other business with her master or officers, and libelant went on board to ascertain whether a consignment of cotton seed had arrived on her, under such circumstances the relation of the master and of his co-owner, through him, to libelant is such as to create a duty on them to see that libelant is not injured by the negligence of the master; and if he is injured by a bale of cotton being negligently allowed to fall on him, it is a maritime tort, and cognizable in admiralty.

J. G. Carlisle, for appellant.

Durant & Hornor, for appellee.

Cases cited: Waring v. Clark, 5 How. 441; Phila., W. & B. R. Co. v. Phila., etc., Co. 23 How. 209.